**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| KIRSTEN CARTER and NICHOLE DOUGHERTY, on behalf of themselves and all others similarly situated, | CIVIL ACTION |
| Plaintiff, | Case No. 1:26-cv-00212-JPH |
| v. | |
| THE KROGER CO. d/b/a KROGER, | JURY TRIAL DEMANDED |
| Defendant. | |

**AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiffs, Kirsten Carter ("Carter") and Nichole Dougherty ("Dougherty") (collectively, "Plaintiffs"), file this Amended Class and Collective Action Complaint against Defendant, The Kroger Co. ("Defendant" or "Kroger"), seeking all available relief under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), on behalf of themselves and all current and former e-Commerce Managers, however variously titled,[1] who work (or worked) at any "Kroger" branded supermarket in the United States during the relevant time period (the "e-Commerce Manager Collective"). Plaintiff Dougherty also brings claims on behalf of herself and a Fed. R. Civ. P. 23 class of individuals who work (or worked) at any "Kroger" branded supermarket in Ohio during the relevant time period seeking all available relief under O.R.C. §§ 4111.03, 4111.10, 4113.15(A), 2307.60, and the Ohio common law of unjust enrichment (the "e-Commerce Manager Class").[2] The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are

[1] e-Commerce Managers may also be referred to as e-Commerce Supervisors or e-Commerce Leaders. Plaintiff uses those terms interchangeably when referring to e-Commerce Managers in this Amended Class and Collective Action Complaint.
[2] The foregoing provisions of Ohio law shall be collectively referred to as "Ohio State Law."

made on information and belief as to the acts of others.

## NATURE OF THE ACTION

1. Defendant employs e-Commerce Managers in over 1,200 Kroger locations in at least 15 states, including Alabama, Arkansas, Georgia, Indiana, Kentucky, Louisiana, Michigan, Mississippi, Missouri, Ohio, South Carolina, Tennessee, Texas, Virginia, and West Virginia. "Kroger" stores are retail supermarkets which offer groceries and other goods to the public.

2. Although Defendant considers its e-Commerce Managers to be "managers," they are, in fact, not responsible for, nor do they perform, true management functions. To the contrary, e-Commerce Managers spend the vast majority of their time performing the same duties as non-exempt e-Commerce employees, including picking products off the shelf, packing orders, and delivering orders to customers.

3. E-Commerce Managers report to Store Leaders who, in turn, report to district and other supervisory personnel. Store Leaders are the highest level of management in Kroger's stores.

4. As alleged herein, Plaintiffs and all other similarly situated e-Commerce Managers were required to work more than forty (40) hours in a workweek while employed by Defendant in order to complete their job duties. However, in accordance with Defendant's policy, pattern, and/or practice, they were misclassified as exempt from overtime compensation and were not paid at the mandated rate of time-and-one-half for all hours worked in excess of forty (40) in a workweek.

5. Plaintiffs bring this action on behalf of themselves and all similarly situated current and former e-Commerce Managers to recover unpaid overtime pursuant to the FLSA. Plaintiff Dougherty also brings this action on behalf of herself and a putative class of current and former e-Commerce Managers to recover unpaid overtime pursuant to Ohio State Law. Defendant violated the FLSA and Ohio State Law by failing to pay its e-Commerce Managers, including Plaintiffs,

overtime compensation for the hours they worked over forty (40) in one or more workweeks because Defendant classified them as exempt.

6. Defendant's systematic failure and refusal to pay Plaintiffs and all other similarly situated e-Commerce Managers for all hours worked over forty (40) in a workweek violates the FLSA and Ohio State Law.

## THE PARTIES

***Plaintiff Kirsten Carter***

7. Kirsten Carter resides in Gallatin, Tennessee. Between approximately December 2020 and January 2025, Carter was employed by Defendant as an e-Commerce Manager at several Kroger stores in Tennessee, including in Belle Meade, Bellevue, Hendersonville, and Gallatin.

8. Throughout her employment as an e-Commerce Manager with Defendant, Carter was paid a salary and did not receive overtime compensation for working more than forty (40) hours in a work week.

9. As an e-Commerce Manager, Carter was scheduled to work at least five 10-hour shifts each week (with a 60-minute lunch break each shift), though she worked more and rarely took an uninterrupted lunch break. On average, during each week of her employment as an e-Commerce Manager with Defendant, Carter worked approximately 50-60 hours (and sometimes more), including during the weeks leading up to, during, and after Easter, July 4th, Thanksgiving and Christmas between the years 2021 and 2024.

10. Carter spent the vast majority of her time performing the same duties as non-exempt e-Commerce employees, including picking products off the shelf, packing orders, and delivering orders to waiting customers.

11. The work Carter performed was at the direction, and for the benefit, of Defendant.

12. Pursuant to Defendant's policy, pattern or practice of classifying e-Commerce Managers as exempt from overtime, Carter was not paid premium overtime compensation for all hours worked over forty (40) in a work week.

13. Carter previously consented to join this action. *See* ECF No. 1-1.

***Plaintiff Nichole Dougherty***

14. Nichole Dougherty resides in West Mansfield, Ohio. Between approximately December 2019 and the present, Dougherty was employed by Defendant as an e-Commerce Manager at two Kroger stores in Ohio (Marysville and Dublin).

15. Throughout her employment as an e-Commerce Manager with Defendant, Dougherty was paid a salary and did not receive overtime compensation for working more than forty (40) hours in a work week.

16. As an e-Commerce Manager, Dougherty was scheduled to work at least five 10-hour shifts each week (with a 60-minute lunch break each shift), though she worked more and rarely took an uninterrupted lunch break. On average, during each week of her employment as an e-Commerce Manager with Defendant, Dougherty worked approximately 50-60 hours (and sometimes more), including during the weeks leading up to, during, and after Easter, July 4th, Thanksgiving and Christmas between 2019 and the present.

17. Dougherty spent the vast majority of her time performing the same duties as non-exempt e-Commerce employees, including picking products off the shelf, packing orders, and delivering orders to waiting customers.

18. The work Dougherty performed was at the direction, and for the benefit, of Defendant.

19. Pursuant to Defendant's policy, pattern or practice of classifying e-Commerce

Managers as exempt from overtime, Dougherty was not paid premium overtime compensation for all hours worked over forty (40) in a work week.

20. Dougherty has consented to join this action. *See* Exhibit A.

***Defendant The Kroger Co.***

21. The Kroger Co. is an Ohio corporation with its principal place of business located at 1014 Vine Street, Cincinnati, Ohio 45202. Its registered agent of service of

22. Kroger owns and operates, directly and/or through its wholly owned subsidiaries, over 1,200 "Kroger" branded stores in at least 15 states, including Ohio and Tennessee.

23. At all relevant times, Kroger employed or acted in the interest of an employer towards Plaintiff and other similarly situated current and former e-Commerce Managers and, among other things, maintained control, oversight and direction over Plaintiff and other e-Commerce Managers, including with respect to timekeeping, payroll, and other employment practices that applied to them.

24. Upon information and belief, Kroger applies the same employment policies, practices, and procedures to all e-Commerce Managers, regardless of the location of the store in which they work.

25. Kroger is a covered employer within the meaning of the FLSA because, among other things, it employs individuals, including Plaintiff, who are engaged in interstate commerce or in the production of goods for interstate commerce or engaged in handling, receiving, selling, or otherwise working on goods or material that have been moved in or produced for interstate commerce.

26. At all relevant times, Kroger has had gross revenues exceeding $500,000.00.

## JURISDICTION AND VENUE

27. This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331, 1332, and 29 U.S.C. § 216(b).

28. This Court has supplemental jurisdiction over Plaintiff Dougherty's claims under Ohio State Law because those claims are so related to the FLSA claims as to form part of the same case or controversy. 28 U.S.C. § 1367.

29. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.Defendant is subject to personal jurisdiction in Ohio.

30. Defendant purposely availed itself of jurisdiction by operating its business, including more than 200 "Kroger" supermarkets, in Ohio.

31. Venue is proper in the Southern District of Ohio pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District, has its principal place of business in this District, and/or because all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within this District.

32.

33. Upon information and belief, and where applicable, the amount in controversy exceeds $75,000.00.

## GENERAL FACTUAL ALLEGATIONS

34. Kroger is a publicly traded corporation, with its corporate headquarters located in Cincinnati, Ohio.

35. Upon information and belief, Kroger's store operations are directed and controlled by individuals based out of Kroger's corporate headquarters.

36. According to its 2025 annual report, Kroger is one of the world's largest retailers, operating 2,731 supermarkets under a variety of local banner names in 35 states and the District of Columbia.[3]

37. As of February 1, 2025, Kroger "employed approximately 409,000 full- and part-time employees," of which several thousand are believed to be e-Commerce Managers who work, or worked, at Defendant's "Kroger" branded stores.[4]

38. Defendant maintains strict control, oversight, and discretion over the operation of its stores, including its employment practices with respect to Plaintiffs and the members of the putative e-Commerce Manager Collective and e-Commerce Manager Class.

39. Plaintiffs' work and the work of members of the putative e-Commerce Manager Collective and e-Commerce Manager class was performed in the normal course of Defendant's business and was integrated into it.

40. Consistent with Defendant's policy, pattern and/or practice, Plaintiffs and the members of the putative e-Commerce Manager Collective and e-Commerce Manager class worked in excess of forty (40) hours per workweek without being paid overtime compensation. For example, and upon information and belief, e-Commerce Managers are scheduled to work at least five 10-hour shifts each week, totaling fifty (50) hours (with a 60-minute lunch break each shift). However, e-Commerce Managers routinely work more hours and are rarely able to take an uninterrupted 60-minute lunch break.

41. Upon information and belief, Defendant established labor budgets to cover labor costs for the stores in which Plaintiffs and the members of the putative e-Commerce Manager

---

[3] *See* https://s202.q4cdn.com/463742399/files/doc_financials/2024/ar/2025-Proxy-2024-Annual-Report.pdf, at 3 (last accessed February 27, 2026).

[4] *Id*, at 5.

Collective and e-Commerce Manager Class worked. However, Defendant did not provide sufficient money in the labor budgets to cover all hours needed to complete the necessary non-exempt tasks in each store.

42. Defendant knew or recklessly disregarded the fact that their underfunding of store labor budgets resulted in Plaintiffs and the members of the putative e-Commerce Manager Collective and e-Commerce Manager Class (who were not paid overtime) working more than forty (40) hours in a workweek without receiving any overtime compensation. This allowed Defendant to avoid paying additional wages (including overtime) to the non-exempt, store-level employees.

43. Because Defendant underfunded store labor budgets, which in turn limited the amount of money available to pay non-exempt employees to perform manual and customer service tasks, e-Commerce Managers were required to—and did—perform these non-exempt tasks.

44. The performance of non-management work was the primary duty of Plaintiffs and the members of the e-Commerce Manager Collective and e-Commerce Manager Class. These primary duties included picking products off the shelf, packing orders, and delivering orders to waiting customers.

45. Defendant knew, by virtue of the fact that its upper-level management employees (as its authorized agents) actually saw Plaintiffs and the members of the putative e-Commerce Manager Collective and e-Commerce Manager Class primarily perform manual labor and non-exempt duties, that Plaintiffs and other similarly situated e-Commerce Managers were not performing activities that complied with any FLSA and/or Ohio State Law exemption. Inasmuch as Defendant is a substantial corporate entity aware of its obligations under the FLSA and Ohio State Law, it acted willfully or recklessly in failing to classify Plaintiffs and other similarly situated e-Commerce Managers as non-exempt employees.

46. In addition, Defendant has been sued multiple times across the country in the last 10 years, including in this District, by salaried, store-level managers who assert claims for unpaid overtime under the FLSA and state law for the same reasons as those asserted by Plaintiffs—misclassifying managers as exempt from overtime in order to avoid paying overtime even though their primary duty is the performance of non-exempt work.

47. By denying Plaintiffs and the members of the e-Commerce Manager Collective and e-Commerce Manager Class overtime compensation as required by the FLSA and Ohio State Law, Defendant's acts were not based on good faith. As a large and sophisticated employer, with an in-house legal team and access to capable outside counsel and based on its experience in the supermarket industry and custom, Defendant was well-positioned to *understand* and *correctly* apply the compensation requirements of the FLSA and Ohio State Law. However, it chose otherwise.

48. All of the work that Plaintiffs and the members of the putative e-Commerce Manager Collective and e-Commerce Manager Class performed has been assigned by Defendant, who is aware of the work they performed. This work required little skill and no capital investment. Nor did it include managerial responsibilities, or the exercise of meaningful independent judgment and discretion.

49. Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendant classified all e-Commerce Managers as exempt from the overtime provisions of the FLSA and Ohio State Law.

50. The primary job duties of Plaintiffs and the members of the putative e-Commerce Manager Collective and e-Commerce Manager Class did not include hiring, firing, disciplining, or directing the work of other employees.

51. The primary job duties of Plaintiffs and the members of the putative e-Commerce Manager Collective and e-Commerce Manager Class did not materially differ from the job duties of non-exempt hourly paid employees.

52. The primary job duties of Plaintiffs and the members of the putative e-Commerce Manager Collective and e-Commerce Manager Class did not include the exercise of meaningful independent discretion with respect to their duties.

53. The primary job duties of Plaintiffs and the members of the putative e-Commerce Manager Collective and e-Commerce Manager Class were manual and/or clerical in nature. The performance of manual and/or clerical labor occupied the majority of the working hours of Plaintiffs and the members of the putative Collective and Class.

54. Plaintiffs and the members of the putative e-Commerce Manager Collective and e-Commerce Manager Class are similarly situated in that they have substantially similar job duties and are subject to Kroger's common compensation policies, patterns, and/or practices.

55. Upon information and belief, Defendant did not perform a person-by-person analysis of the job duties of Plaintiffs and the members of the putative e-Commerce Manager Collective and e-Commerce Manager Class when making the decision to classify them as exempt from overtime under the FLSA and/or Ohio State Law.

56. Due to the foregoing, Defendant's failure to pay overtime wages for work performed by Plaintiffs and the members of the putative e-Commerce Manager Collective and e-Commerce Manager Class in excess of forty (40) hours per week was willful.

57. The work performed by Plaintiffs and the members of the putative e-Commerce Manager Collective and e-Commerce Manager Class constitutes compensable work time under the FLSA and/or Ohio State Law and was not preliminary, postliminary or *de minimis*.

58. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

59. Plaintiffs bring the First Cause of Action, 29 U.S.C. § 216(b), on behalf of themselves and the members of the putative e-Commerce Manager Collective, defined as:

> **All current and former employees of Defendant whose job title is, or was, "e-Commerce Manager" or its equivalent,[5] who worked at any "Kroger" branded supermarket in the United States at any time during the 3-years prior to the filing of the original Collective Action Complaint through to the date of judgement in this action, and who worked more than 40 hours during one or more workweeks and was not paid premium overtime compensation for working such hours.**

60. At all relevant times, Plaintiffs and the members of the putative e-Commerce Manager Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

61. Defendant employed Plaintiffs and the members of the putative e-Commerce Manager Collective and are engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

62. At all relevant times, Plaintiffs and the members of the putative e-Commerce Manager Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

63. Defendant has failed to pay Plaintiffs and the members of the putative e-Commerce Manager Collective overtime compensation to which they are entitled under the FLSA.

64. Defendant has failed to keep accurate records of time worked by Plaintiffs and the members of the putative e-Commerce Manager Collective.

---

[5] As previously indicated, e-Commerce Managers may also be referred to by Defendant as e-Commerce Supervisors or e-Commerce Leaders. To the extent such positions exist within Kroger's stores—and the job duties are functionally equivalent to those of e-Commerce Managers—Plaintiffs include them in their definition of the e-Commerce Manager Collective.

65. Defendant is liable under the FLSA for, among other things, failing to properly compensate Plaintiffs and the members of the putative e-Commerce Manager Collective.

66. Consistent with Defendant's policy and pattern or practice, Plaintiffs and the members of the putative e-Commerce Manager Collective were not paid overtime compensation when they worked beyond forty (40) hours in a workweek.

67. All of the work that Plaintiffs and the members of the putative e-Commerce Manager Collective performed has been assigned by Defendant, and/or Defendant has been aware of such work.

68. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the members of the putative e-Commerce Manager Collective. This policy and pattern or practice includes, but is not limited to:

(a) willfully failing to pay Plaintiffs and the members of the putative e-Commerce Manager Collective premium overtime wages for hours that they worked in excess of forty (40) hours per workweek;

(b) willfully misclassifying Plaintiffs and the members of the putative e-Commerce Manager Collective as exempt from the overtime protections of the FLSA; and

(c) willfully failing to record all of the time that its employees, including Plaintiffs and the members of the putative e-Commerce Manager Collective, worked for the benefit of Defendant.

69. Defendant is aware or should have been aware that federal law required it to pay Plaintiffs and the members of the putative e-Commerce Manager Collective overtime compensation for all hours worked in excess of forty (40) in a workweek.

70. Plaintiffs and the members of the putative e-Commerce Manager Collective perform or performed the same primary duties.

71. Defendant's unlawful conduct has been widespread, repeated, and consistent.

72. In accordance with 29 U.S.C. § 216(b), prompt notice of this action to similarly situated employees is proper and necessary so that they may be sent a Court-authorized notice informing them of the pendency of this action and giving them an opportunity to join (or "opt-in").

73. Court supervised notice is appropriate because they have been subjected to the common business practices outlined above, and the success of their claims depends upon the resolution of common issues of law and fact, including whether Defendant complied with the FLSA.

74. The size and identity of the putative members of the e-Commerce Manager Collective are readily ascertainable from Defendant's payroll records, employee records, and/or personnel records. While Plaintiffs cannot yet state the exact number of individuals that comprise the putative e-Commerce Manager Collective, they aver, upon information and belief, that it numbers mor than one thousand people.

## <u>OHIO CLASS ACTION ALLEGATIONS</u>

75. Pursuant to Fed. R. Civ. P. 23, Plaintiff Dougherty brings the Second, Third, Fourth, and Fifth Causes of Action under Ohio State Law on behalf of herself and the members of the putative e-Commerce Manager Class, defined as:

> **All current and former employees of Defendant whose job title is, or was, "e-Commerce Manager" or its equivalent, who worked at any "Kroger" branded supermarket in the United States at any time during the 6-years prior to the filing of the Amended Class and Collective Action Complaint through to the date of judgement in this action, and who worked more than 40 hours during one or more workweeks and was not paid premium overtime compensation for working such hours.[6]**

[6] The applicable statute of limitations under O.R.C. § 2307.60 and Ohio common law unjust enrichment is six (6) years, and the applicable statute of limitations under O.R.C. §§ 4111.03, 4111.10, 4113.15(A) is two (2) years.

76. There are questions of law or fact common to the e-Commerce Manager Class including, but not limited to:

(a) Whether Plaintiff Dougherty and the members of the e-Commerce Manager Class were uniformly classified as exempt from overtime;

(b) Whether Plaintiff Dougherty and the members of the e-Commerce Manager Class were uniformly required to work more than forty (40) hours each work week;

(c) Whether Plaintiff Dougherty and the members of the e-Commerce Manager Class were required to record the hours they worked each week;

(d) Whether Plaintiff Dougherty and the members of the e-Commerce Manager Class were uniformly denied overtime compensation for working more than forty (40) hours in a work week in violation of Ohio State Law;

(e) Whether Defendant owes Plaintiff Dougherty and the members of the e-Commerce Manager Class premium overtime compensation for working more than forty (40) hours in a work week pursuant to Ohio State Law; and

(f) Whether Defendant's failure to pay premium overtime compensation to Plaintiff Dougherty and the members of the e-Commerce Manager Class was willful and entitles them to liquidated, exemplary, punitive, and/or other damages pursuant to Ohio State Law.

(g) Whether Defendant's retention of the premium overtime compensation earned by Plaintiff Dougherty and the members of the e-Commerce Manager Collective was unjust and results in inequity; and

(h) What is the amount of premium overtime compensation Kroger failed to pay Plaintiff Dougherty and the members of the e-Commerce Manager Class.

77. Plaintiff Dougherty's claims are typical of the claims of other members of the e-Commerce Manager Class as they arise out of the same uniform course of conduct by Defendant and are based on the same legal theories.

78. The e-Commerce Manager Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that the e-Commerce Manager Class consists of several hundred

individuals (or more). The number of class members, as well as their identities, are ascertainable from the payroll, employment, and personnel records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 19 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; Ohio Const. Art. II, § 34a.

79. Plaintiff Dougherty will fairly and adequately protect the interests of the e-Commerce Manager Class. Plaintiff Dougherty's interests are not antagonistic to, but rather are in unison with, the interests of the other e-Commerce Manager Class members. Plaintiff Dougherty's counsel has broad experience in handling class action wage-and-hour litigation—including the recent litigation of six nationwide misclassification lawsuits before Judge Barrett in this District—and are fully qualified to prosecute the claims of the e-Commerce Manager Class.

80. The questions or law or fact that are common to the e-Commerce Manager Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability as to the e-Commerce Manager Class, listed above, are common to the e-Commerce Manager Class as a whole, and predominate over any questions affecting only individual class members.

81. A class action is superior to other available methods for the fair and efficient adjudication of this action. Requiring e-Commerce Manager Class members to pursue their own claims individually would involve hundreds of separate lawsuits (or more), duplicate costs and expenses, and attorney's fees, and overwhelm court resources. Many e-Commerce Manager Class members' claims may be sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursing them individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issue to be adjudicated efficiently and without unnecessary duplication.

## FIRST CAUSE OF ACTION
**Fair Labor Standards Act: Unpaid Overtime Wages**
**(Brought on Behalf of Plaintiffs and the e-Commerce Manager Collective)**

82. Plaintiffs reallege and incorporate by reference the above allegations.

83. Defendant has engaged in a widespread policy, pattern or practice of violating 29 U.S.C. § 207 by failing to pay overtime compensation to Plaintiffs and the members of the putative e-Commerce Manager Collective for hours worked above forty (40) in a work week, as detailed in this Amended Class and Collective Action Complaint.

84. Upon information and belief, and as part of their regular business practices, Defendant has intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Plaintiffs and the members of the putative e-Commerce Manager Collective.

85. Defendant's unlawful conduct, as described above, was willful and/or in reckless disregard of the applicable wage and hour laws pursuant to Defendant's centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA.

86. As further evidence of its willful or reckless failure to classify Plaintiffs and the members of the e-Commerce Manager Collective as non-exempt employees, Defendant has uniformly failed to: (a) accurately track or record actual hours worked by Plaintiff and the members of the putative e-Commerce Manager Collective; and (b) provide Plaintiffs and the members of the putative e-Commerce Manager Collective with a method to accurately record the hours they actually worked.

87. Defendant did not make a good-faith effort to comply with the FLSA with respect to their timekeeping and compensation of Plaintiffs and the members of the putative e-Commerce Manager Collective.

88. Defendant was or should have been aware that the FLSA required it to pay employees performing non-exempt duties an overtime premium for hours worked in excess of forty (40) per week.

89. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the members of the putative e-Commerce Manager Collective for all hours worked in excess of forty (40) in a workweek.

90. Upon information and belief, there are potentially hundreds (or more) of similarly situated current and former e-Commerce Managers who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the members of the putative e-Commerce Manager Collective, pursuant to 29 U.S.C. § 216(b).

91. The members of the putative e-Commerce Manager Collective are known to Defendant, are readily identifiable, and can be located through Defendant's records.

92. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255, as it may be further extended or tolled by agreement, equity or operation of law.

93. As a result of Defendant's willful violations of the FLSA, Plaintiffs and the members of the putative e-Commerce Manager Collective have suffered damages by being denied overtime compensation in accordance with the FLSA, in amounts to be determined at trial, and are entitled to recovery of such amounts, as well as liquidated damages and attorneys' fees, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
**O.R.C. §§ 4111.03 and 4111.10: Unpaid Overtime Wages**
**(Brought on Behalf of Plaintiff Dougherty and the e-Commerce Manager Class)**

94. Plaintiffs reallege and incorporate by reference the above allegations.

95. Plaintiff Dougherty brings this claim for violation of the Ohio overtime compensation statute, O.R.C. §§ 4111.03, 4111.10, on behalf of herself and the members of the e-Commerce Manager Class, under the class action procedural requirements contained within Fed. R. Civ. P. 23, for the period of two (2) years preceding the commencement of this action to the present.

96. At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, O.R.C. §§ 4111.03, 4111.10.

97. Ohio law requires that ”an employer shall pay an employee for overtime at a wage rate of one and one-half times the employee’s wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the ‘Fair Labor Standards Act of 1938.’” O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

98. Ohio law also provides that employers who fail to pay overtime wages in accordance with O.R.C. § 4111.03 are liable to the “employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee by the employer, and for costs and reasonable attorney’s fees as may be allowed by the court.” O.R.C. § 4111.10.

99. While employed by Defendant, Plaintiff Dougherty and the members of the e-Commerce Manager Class worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03 but were not fully paid overtime wages as outlined above.

100. Defendant’s failure to compensate overtime hours, as set forth above, violated the

Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

101. As a result of Defendant's system-wide policies and/or practices as described herein, Defendant failed to pay Plaintiff Dougherty and the members of the e-Commerce Manager Class all overtime wages earned.

102. Defendant's knowing and willful failure to pay overtime wages to Plaintiff Dougherty and other members of the e-Commerce Manager Class were violations of the Ohio overtime law, and, as such, Defendant willfully withheld and failed to pay the overtime compensation to which Plaintiff Dougherty and other members of the e-Commerce Manager Class are entitled. As a result of Defendant's violations of Ohio overtime law, Plaintiff Dougherty and the members of the e-Commerce Manager Class have suffered (and continue to suffer) damages.

103. These violations of Ohio law injured Plaintiff Dougherty and the members of the e-Commerce Manager Class in that they did not receive wages due to them pursuant to Ohio overtime law. O.R.C. §§ 4111.03, 4111.10.

104. Having injured Plaintiff Dougherty and the members of the e-Commerce Manager Class, Defendant is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] and for costs and reasonable attorney's fees as may be allowed by the court " under Ohio law. O.R.C. § 4111.10.

## THIRD CAUSE OF ACTION
**O.R.C. §§ 4113.15(A): Ohio Semimonthly Timely Wage Payment Violations**
**(Brought on Behalf of Plaintiff Dougherty and the e-Commerce Manager Class)**

105. Plaintiffs reallege and incorporate by reference the above allegations.

106. Plaintiff Dougherty brings this claim for violation of Ohio law, O.R.C. § 4113.15(A), on behalf of herself and the members of the e-Commerce Manager Class for the period of two (2) years preceding the commencement of this action to the present.

107. In Ohio, an employee can recover wages under O.R.C. § 4113.15(A) that were paid late for any reason.

108. O.R.C. § 4113.15(A) required Defendant to pay "on or before the first day of each month … employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month."

109. As outlined above, Defendant did not, as required by O.R.C. § 4113.15(A), on or before the first day of each month, pay all wages earned by Plaintiff Dougherty and the members of the e-Commerce Manager Class on or before the first day of each month, the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and did not, on or before the fifteenth day of each month, pay these employees the wages earned by them during the last half of the preceding calendar month.

110. Defendant's failure to timely pay Plaintiff Dougherty and the members of the e-Commerce Manager Class all wages, including overtime and non-overtime wages, violated Ohio's semimonthly payment of wage requirements, O.R.C. § 4113.15(A).

111. Plaintiff Dougherty's and the members of the e-Commerce Manager Class's unpaid wages have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday in violation of O.R.C. § 4113.15. By its acts and omissions described in this Amended Class and Collective Action Complaint, Defendant has violated Ohio's semimonthly payment of wage requirements, O.R.C. § 4113.15(A), and Plaintiff Dougherty and the members of the e-Commerce Manager Class have been injured as a result.

112. Defendant's violations of Ohio's semimonthly payment of wage requirements, O.R.C. § 4113.15(A), injured Plaintiff Dougherty and the members of the e-Commerce Manager

Class in that they did not receive wages due to them in a timely fashion as required by Ohio law.

113. Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Plaintiff Dougherty, and the members of the e-Commerce Manager Class, all wages owed in a timely fashion as required by Ohio law. Defendant's deliberate failure to timely pay all compensation owed to Plaintiff Dougherty, and the members of the e-Commerce Manager Class, was neither reasonable, nor was the decision not to pay in accordance with O.R.C. § 4113.15(A) made in good faith. By engaging in these practices, Defendant violated Ohio law.

114. As a result of Defendant's violation of Ohio law, Plaintiff Dougherty and the members of the e-Commerce Manager Class are entitled to unpaid wages pursuant to O.R.C. § 4113.15(A).

## FOURTH CAUSE OF ACTION
## O.R.C. §§ 2307.60: Civil Damages
## (Brought on Behalf of Plaintiff Dougherty and the e-Commerce Manager Class)

115. Plaintiffs reallege and incorporate by reference the above allegations.

116. Plaintiff Dougherty brings this claim pursuant to Ohio's statue providing for Civil Violations for Criminal Acts, O.R.C. § 2307.60, on behalf of herself and the members of the e-Commerce Manager Class, for the period of six (6) years preceding the filing of this Amended Class and Collective Action to the present.

117. At all times relevant, Defendant was an entity covered by the FLSA, 29 U.S.C. § 201, et seq., and Plaintiff Dougherty and the members of the e-Commerce Manager Class have been employed by Defendant within the meaning of the FLSA.

118. Defendant's failure to compensate overtime hours worked "at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty (40) hours in one

workweek" was a willful violation of the FLSA, 29 U.S.C. § 201, *et seq*. Defendant's failure to timely pay Plaintiff Dougherty and the members of the e-Commerce Manager Class all overtime wages was a willful violation of the FLSA, 29 U.S.C. § 201, *et seq*.

119. By its acts and omissions described in this Amended Class and Collective Action Complaint, Defendant has willfully violated the FLSA, and Plaintiff Dougherty and the members of the e-Commerce Manager Class have been injured as a result. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

120. Defendant's willful violations of federal law injured Plaintiff Dougherty and the members of the e-Commerce Manager Class in that they did not receive wages due to them pursuant to these statutory and/or other laws and regulations.

121. As a result of Defendant's willful violations of the FLSA, Plaintiff Dougherty and the members of the e-Commerce Manager Class are entitled to exemplary and punitive damages pursuant to O.R.C. § 2307.60.

**FIFTH CAUSE OF ACTION**
**Unjust Enrichment**
**(Brought on Behalf of Plaintiff Dougherty and the e-Commerce Manager Class)**

122. Plaintiffs reallege and incorporate by reference the above allegations.

123. Pursuant to Ohio unjust enrichment common law, Plaintiff Dougherty brings this claim on behalf of herself and the e-Commerce Manager Class as a result of Defendant's suffering or permitting her and the e-Commerce Manager Class to work for their benefit and for not paying them overtime wages for all the time that they worked due to Defendant's pay practices for the period of six (6) years preceding the filing of this Amended Class and Collective Action Complaint to the present.

124. As alleged, Plaintiff Dougherty and the e-Commerce Manager Class members conferred a benefit upon Defendant in that Defendant received a direct monetary benefit from employees by retaining wages to which Plaintiff Dougherty and the e-Commerce Manager Class were entitled. However, Plaintiff Dougherty and the e-Commerce Manager Class were not paid premium overtime compensation that they were otherwise entitled to receive for all hours worked above forty (40) in a work week work because of Defendant's pay policies and practices.

125. Defendant knew that it retained one or more benefits to the detriment of Plaintiff Dougherty and the e-Commerce Manager Class in the form of unpaid overtime compensation but failed to pay them anyway.

126. Defendant has been unjustly enriched at the expense of Plaintiff Dougherty and the e-Commerce Manager Class by the retention of premium overtime compensation that was earned and rightfully belongs to Plaintiff Dougherty and the e-Commerce Manager Class. Defendant was unjustly enriched in that it induced Plaintiff Dougherty and the e-Commerce Manager Class to perform work for the benefit of Defendant and inequitably retained the benefit of that work without paying required premium overtime compensation.

127. Allowing Defendant to retain the benefits provided by Plaintiff Dougherty and the e-Commerce Manager Class is demonstrably unjust, and it would be unconscionable to permit Defendant to retain the premium overtime compensation to which Plaintiff Dougherty and the members of the e-Commerce Manager Class have earned.

128. As a direct and proximate result of Defendant's unjust enrichment, Plaintiff Dougherty and other members of the e-Commerce Manager Class have been damaged in an amount to be determined at trial, including but not limited to all overtime hours worked by Plaintiff and the other members of the e-Commerce Manager Class but not paid by Defendant at the

premium overtime rate of one-and-a-half times each employees' hourly rate.

129. As a result of Defendant having been unjustly enriched, Plaintiff Dougherty and the other members of the e-Commerce Manager Class are entitled to, among other things, compensation for the value of the benefit they conferred on Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of the members of the putative e-Commerce Manager Collective and e-Commerce Manager Class, pray for the following relief:

1. Certify this action as an FLSA collective action on behalf of Plaintiffs and the members of the putative e-Commerce Manager Collective, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the e-Commerce Manager Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join forms pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

2. Certify this action as a class action pursuant to Fed. R. Civ. 23 on behalf of Plaintiff Dougherty and the members of the e-Commerce Manager Class, and designate Plaintiff Dougherty as class representative and the undersigned counsel as class counsel;

3. An award of compensatory damages to Plaintiffs and the members of the putative e-Commerce Manager Collective under the FLSA as a result of Defendant's willful failure to pay for all hours worked in excess of forty (40) in a workweek at a rate of time and one-half of the regular rate of pay, as well as liquidated damages in an equal amount;

4. An award of compensatory damages to Plaintiff Dougherty and the members of the putative e-Commerce Manager Class under Ohio State Law for all hours worked, and not timely paid, in excess of forty (40) in a workweek at a rate of time and one-half of the regular rate of pay, as well as exemplary and punitive damages;

5. An award of monetary relief to Plaintiff Dougherty and the e-Commerce Manager Class in an amount equal to that gained by Defendant's unjust enrichment;

6. An award of service payments to Plaintiffs;

7. Pre-judgment and post-judgment interest, costs and expenses of this action, together with reasonable attorney's and expert fees;

8. An award of statutory and/or punitive damages, as well as damages representing Defendant's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

9. An injunction requiring Defendant to cease its practice of violating the FLSA and Ohio State Law in the future;

10. Issuance of a declaratory judgment that the practices complained of in this Amended Class and Collective Action Complaint are unlawful and/or willful under the FLSA and/or Ohio State Law; and

11. Such other and further relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Collective Action Complaint.

Dated: April 10, 2026

*/s/ Jason Conway*

Jason Conway (PA 317113)*
**CONWAY LEGAL, LLC**
1700 Market Street, Suite 1005
Philadelphia, PA 19103
Telephone: (215) 278-4782
Fax: (215) 278-4807
jconway@conwaylegalpa.com

Bruce Meizlish (OH Id. No. 0033361)
**MEIZLISH & GRAYSON**
119 East Court Street
Suite 307
Cincinnati, OH 45202
Phone: (513) 345-4700
Facsimile: (513) 345-4703
brucelaw@fuse.net

Daniel Levin, Esq.*
Zanetta Moore-Driggers, Esq.*
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3697
Telephone: (215) 592-1500
dlevin@lfsblaw.com
zmooredriggers@lfsblaw.com

***Attorneys for Plaintiffs and the Putative e-Commerce Manager Collective and Class***

** To be admitted pro hac vice*

## CERTIFICATE OF SERVICE

I certify that, on the 10th day of April, 2026, I caused a true and correct copy of this document to be served on all counsel of record in this matter through operation of the Court's CM/ECF system.

*/s/ Jason Conway*___________
Jason Conway