## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

|  |  |
|---|---|
| **KIRSTEN CARTER and NICHOLE DOUGHERTY,**<br><br>            Plaintiff,<br><br>    v.<br><br>**THE KROGER CO.,**<br><br>            Defendant. | CASE NO. 1:26-cv-00212<br><br>JUDGE SUSAN J. DLOTT |

### DEFENDANT'S BRIEF IN OPPOSITION
### TO PLAINTIFFS' MOTION FOR CONSOLIDATION

Plaintiffs Kirsten Carter and Nichole Dougherty filed the instant case (hereinafter "*Carter*") against The Kroger Co. <u>after</u> Maximus Monroe filed a materially similar, but broader, case against Kroger (hereinafter "*Monroe*").[1]  Accordingly, counsel for Kroger informed the *Carter* counsel via e-mail the afternoon of May 6, 2026, that Kroger intended to file a Motion to Stay *Carter* pursuant to the first to file rule.  Without responding to Kroger's May 6 email, the *Carter* counsel filed this Motion for Consolidation  at 1:00 a.m. on May 7, 2026.  ECF No. 18.[2] In doing so, it appears the *Carter* counsel not only is seeking to gain some non-existent tactical advantage by winning a "race to the courthouse," but is also seeking to be designated as the "lead action."  Later that same morning on May 7, consistent with the courtesy notice its counsel had provided to opposing counsel, Kroger filed its Motion to Stay.  ECF No. 19.

---

[1] *Maximus Monroe v. The Kroger Co.*, Case No. 1:26-cv-00197 (S.D. Ohio).

[2] An identical Motion for Consolidation was filed by Plaintiff Edward White in *Edward White v. The Kroger Co. et al.*, Case No. 1:26-cv-00229 (S.D. Ohio) (ECF No. 16) concurrently with the motion in this matter.  White is represented by the same counsel who represents Plaintiffs Carter and Dougherty.

This Court, having inherent discretion to manage its docket, should deny Carter's Motion for Consolidation and grant Kroger's Motion to Stay.  Even if the Court should determine it should grant Carter's Motion for Consolidation, it should nonetheless also grant Kroger's Motion to Stay.

Kroger does not dispute that *Carter* and *Monroe* share common questions of fact and law. Indeed, that was the basis for Kroger's Motion to Stay the later-filed *Carter* action.  However, the Court should still deny the Motion for Consolidation because it is filed for improper purposes and because granting the motion would complicate (rather than simplify) the litigation.

Having filed a copy-cat litigation <u>after</u> *Monroe* was filed, Carter's counsel now – through this Motion for Consolidation – improperly seeks to interfere with *Monroe* and its two companion suits[3] and wrest control of the litigation from the *Monroe* counsel.  *See* ECF No. 18, p. 11 (requesting the Court "[d]esignate *Carter* as the lead action for all consolidated proceedings"). This type of gamesmanship should not be rewarded, and the Motion for Consolidation should be denied.  *See, e.g.*, *Gonzalez v. CoreCivic, Inc.*, No. 17-cv-2573, 2018 U.S. Dist. LEXIS 57759, at *16 (S.D. Cal. Apr. 4, 2018) ("The Court is under no illusion as to the stakes of this Motion. Gonzalez Plaintiffs filed a nearly identical cause of action as the Owino Plaintiffs, seek to consolidate the cases, and wrest control of interim class counsel from the Owino Plaintiffs.")

Moreover, consolidation would complicate, rather than simplify, the litigation.  The Court need look no further than Carter's "race to the courthouse" to file this Motion for Consolidation in advance of Kroger's Motion to Stay.  If the Motion for Consolidation were granted, and the *Carter* action not stayed, the Court and Kroger will be forced to deal with multiple sets of plaintiffs' counsel with obviously diverging interests.  As Carter's preemptive Motion for Consolidation

---

[3] *See Henderson v. The Kroger Co. d/b/a King Scoopers and City Market*, No. 1:26-cv-00459 (S.D. Ohio) and *Yulia Cherepennikova v. The Kroger Co., et al.*, Case No. 1:26-cv-00456 (S.D. Ohio).

demonstrates, this would inevitably lead to increased disputes and motion practice, not a simplified and orderly litigation.

In contrast, a stay of *Carter* is consistent with the first to file rule, preserves judicial resources, and avoids prejudice to Kroger and *Monroe*.  A stay of *Carter* also creates no prejudice to the Plaintiffs in *Carter*, because (1) the *Carter* Plaintiffs are covered under the collective action proposed in *Monroe* and (2) in the unlikely event any issues remain after *Monroe* is resolved, the Court can lift the stay in *Carter* and allow the parties to litigate those issues.

## I.      BACKGROUND

### A.      *Monroe* and Its Related Cases

On February 25, 2026, plaintiff Maximus Monroe filed suit in the Southern District of Ohio on behalf of all current and former salaried e-Commerce Managers who worked for The Kroger Co. and/or any of The Kroger Co.'s subsidiaries, excluding Washington and Colorado.  Monroe asserts a claim under the FLSA and alleges that Defendant misclassified its e-Commerce Managers as exempt from overtime pay requirements and as a result improperly denied them overtime compensation for overtime hours worked.  *See* Complaint at ¶¶ 5, 8, *Monroe v. The Kroger Co.*, No. 1:26-cv-00197 (S.D. Ohio) (ECF No. 1).  Kroger filed an Answer denying the allegations in the Complaint on April 13, 2026.  *Monroe*, ECF No. 12.

Also on February 25, 2026, plaintiff Derris Henderson filed suit in the District of Colorado (since transferred to the Southern District of Ohio) on behalf of all current or former salaried e-Commerce Managers who worked for The Kroger Co. and/or any of The Kroger Co.'s subsidiaries in the state of Colorado.  Complaint, *Henderson v. The Kroger Co. d/b/a King Scoopers and City Market*, No. 1:26-cv-00459-JPH (S.D. Ohio) (ECF No. 1).  Henderson alleges that Defendant misclassified its e-Commerce Managers as exempt from federal and state overtime requirements

and as a result improperly denied them overtime premium compensation for overtime hours worked. *Id.* The suit asserts collective claims under the FLSA and class claims under the Colorado Wage Act (the "CWA") and the Colorado Minimum Wage Orders. *Id.* at ¶¶ 6, 8. Kroger filed an Answer denying the allegations in the *Henderson* Complaint on April 13, 2026. *Henderson*, ECF No. 18.

On March 2, 2026, plaintiff Yulia Cherepennikova filed suit in the Western District of Washington (also since transferred to the Southern District of Ohio) on behalf of all current and former salaried e-Commerce Managers who worked for The Kroger Co. and/or any of The Kroger Co.'s subsidiaries in the state of Washington. Complaint, *Cherepennikova v. The Kroger Co. et al.*, No. 1:26-cv-000456-SJD (S.D. Ohio) (ECF No. 1). Cherepennikova alleges that Defendant misclassified its e-Commerce Managers as exempt from state and federal wage and hour requirements, including overtime, and, therefore, improperly denied them overtime compensation for overtime hours worked. *Id.* at ¶¶ 6, 9. The suit asserts claims under the FLSA and the Washington Minimum Wage Act (the "WMWA"). *Cherepennikova* also alleges violations of Washington's rest break laws, violations of the Washington Wage Recovery Act ("WRA"), and violations of Washington's meal break laws. *Id.* at ¶¶ 103-132.[4] Kroger filed an Answer denying the allegations on April 22, 2026. *Cherepennikova*, ECF No. 19.

The proposed putative classes and collectives in those cases are as follows:

---

### *Henderson* Collective/Class

All current or former salaried e-Commerce Managers (however variously titled) **who worked for The Kroger Co. and/or any of The Kroger Co.'s subsidiaries** (including King Scoopers and City Market) **throughout the state of Colorado**, at any time from three years prior to the filing of this Complaint until the present.

---

[4] Plaintiff filed a First Amended Complaint ("FAC") on April 8, 2026, to correct the caption in that matter. *Cherepennikova*, ECF No. 17.

| *Monroe* Collective |
|---|
| All current or former salaried e-Commerce Managers (however variously titled) **who worked for The Kroger Co. and/or any of The Kroger Co.'s subsidiaries** throughout the **United States, excluding Washington and Colorado**, at any time from three years prior to the filing of this Complaint until the date of judgment in this matter. |
| *Cherepennikova* Collective/Class |
| All current or former salaried e-Commerce Managers (however variously titled) **who worked for The Kroger Co. and/or any of The Kroger Co.'s subsidiaries** (including Quality Food Centers, Inc.) t**hroughout the state of Washington**, at any time from three years prior to the filing of this Complaint until the present. |

The parties in *Henderson* and *Cherepennikova* jointly moved to transfer those actions to the Southern District of Ohio, for the purposes of consolidating *Henderson* and *Cherepennikova* with *Monroe*. Those motions were granted on May 6, 2026. *Henderson*, ECF No. 26; *Cherepennikova*, ECF No. 21. All three of *Monroe*, *Henderson*, and *Cherepennikova* are represented by the same counsel, Morgan & Morgan, P.A. and Shavitz Law Group, P.A.

B.      Plaintiffs' Cases

*Carter* was filed on February 27, 2026, <u>after</u> *Monroe* and *Henderson* were filed. Like the plaintiffs in *Monroe* and *Henderson*, Carter alleges that Defendant misclassified its e-Commerce Managers as exempt from federal wage and hour requirements, including overtime. Carter purports to bring claims on behalf of herself and all similarly situated current and former e-Commerce Managers who work for "Kroger" branded supermarkets. Complaint, ECF No. 1.

Carter filed an Amended Complaint on April 10, 2026, adding four new counts under Ohio state law: (1) unpaid overtime wages under the Ohio Minimum Wage Fair Standards Act ("OMWFSA"), (2) violation of O.R.C. 4113.15(A) semimonthly timely wage payments, (3) civil damages under O.R.C. 2307.60, and (4) unjust enrichment. Amended Complaint, ECF No. 14. Each of these claims is predicated on the same allegations that e-Commerce Managers are

5

misclassified as exempt.  Kroger filed an Answer denying the allegations in the *Carter* Amended Complaint on April 29, 2026.  ECF No. 15.

*White* was filed on March 5, 2026, <u>after</u> *Monroe*, *Henderson*, and *Cherepennikova* were filed.  Like the plaintiffs in *Monroe*, *Henderson*, and *Cherepennikova*, White alleges that Defendants misclassified e-Commerce Managers as exempt from federal wage and hour requirements, including overtime.  White purports to bring claims on behalf of himself and all similarly situated current and former e-Commerce Managers who work for "Fred Meyer" branded supermarkets.  Complaint, ECF No. 1, ¶¶ 5, 79.  Kroger and Fred Meyer Stores, Inc. filed an Answer denying the allegations in the *White* Complaint on April 29, 2026.  *White*, ECF No. 12.

Thus, the proposed putative collectives in Plaintiffs' cases are as follows:

| *Carter* **Collective** |
| --- |
| All current and former employees of Defendant whose job title is, or was, "e-Commerce Manager" or its equivalent, **who worked at any "Kroger" branded supermarket in the United States** at any time during the 3-years prior to the filing of the original Collective Action Complaint through to the date of judgement in this action, and who worked more than 40 hours during one or more workweeks and was not paid premium overtime compensation for working such hours. |
| *White* **Collective** |
| All current and former e-Commerce Managers, however variously titled, who work (or worked) at **any "Fred Meyer" branded supermarket** in the United States during the relevant time period. |

Because *Carter* is limited to only "Kroger" branded supermarkets and *White* is limited to only "Fred Meyer" branded supermarkets, each case is narrower than *Monroe*, which purports to assert claims on behalf of e-Commerce Managers at <u>all</u> brands of Kroger supermarkets. Both *Carter* and *White* are represented by the same counsel, Conway Legal, LLC, Meizlish & Grayson, and Levin Sedran & Berman LLP.

C.      The Motions at Issue

On May 6, 2026, counsel for Defendant informed Plaintiffs' counsel via email that it intended to move to stay Plaintiffs' cases.  *See* Declaration of Robert A. Harris, attached as ***Exhibit 1***.  Without responding to Defendant, at 1:00 a.m. on the morning of May 7, Plaintiffs in *Carter* and *White* filed their Motions for Consolidation.  Based on review of the docket for *Monroe*, Plaintiffs have not filed their motions or notice of their motions in *Monroe*.  Later on May 7, 2026, Defendant filed its Motions to Stay in both *Carter* and *White*.

## II.     LEGAL STANDARD

Courts have "the inherent power to manage [their] docket[s]."  *In re Prevot*, 59 F.3d 556, 566 (6th Cir. 1995).  When considering a motion for consolidation under Federal Rule of Civil Procedure 42(a), the existence of common questions of either law or fact is a threshold requirement; it is, however, not determinative.  *See Roxane Labs., Inc. v. Abbott Labs.*, Nos. 2:12-cv-312; 2:13-cv-645; 2:13-cv-708, 2013 U.S. Dist. LEXIS 132784, at *9 (S.D. Ohio Sept. 13, 2013).

Even if common questions of law or fact exist, courts in the Sixth Circuit balance the risks of prejudice and possible confusion against the risks of inconsistent adjudication of common issues, the burden on the parties, witnesses, and available judicial resources, and the time and expense of litigating multiple suits instead of one.  *See Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993); *see also Troy Stacy Enters. v. Cincinnati Ins. Co.*, 337 F.R.D. 405, 407 (S.D. Ohio 2021) (same).  "[T]he decision to consolidate is one that must be made thoughtfully . . . [and] [c]are must be taken that consolidation does not result in unavoidable prejudice or unfair advantage."  *Cantrell*, 999 F.2d at 1011.  "[I]f the savings to the judicial system are slight, the risk of prejudice to a party must be viewed with even greater scrutiny."  *Id.*

7

### III.   LEGAL ARGUMENT

    A.    <u>Plaintiffs' Motion Has Not Been Served on All Parties in the Case with Which It Seeks Consolidation</u>.

Courts have held that parties must file a motion for consolidation (1) in the earlier-filed action and (2) in all actions they seek to consolidate. *Dickie v. UPS Supply Chain Sols., Inc.*, No. 5:25-cv-01086, 2025 U.S. Dist. LEXIS 190346, at *3-4 (C.D. Cal. Sept. 10, 2025) (denying motion to consolidate due, in part, to "failure to serve notice in each of the pending lawsuits Plaintiff seeks to consolidate"); *Gudimetla v. Ambow Educ. Holdings, Ltd.*, Nos. 12-cv-5062, 12-cv-5480, 2012 U.S. Dist. LEXIS 205518, at *2 (C.D. Cal. Sept. 26, 2012) (denying motion to consolidate, noting failure to serve notice in each pending lawsuit). Plaintiffs have done neither here, nor does it appear that they have otherwise served a copy of their motions on *Monroe* Plaintiffs.

*Monroe* is the earlier-filed action, and, therefore, the action in which Plaintiffs' Motion for Consolidation should be decided. Plaintiffs' failure to file a copy of their motion or notice of their motion in *Monroe* suggests further gamesmanship and an effort to limit the *Monroe* Plaintiffs' ability to oppose. For this reason alone, the Court should deny Plaintiffs' Motion for Consolidation.[5]

    B.    <u>Plaintiffs' Motion for Consolidation is Made with Improper Purpose and Should Be Denied</u>.

*Carter* is a copy-cat action that was filed <u>after</u> *Monroe*. It purports to bring claims on behalf of a <u>narrower</u> putative collective action than *Monroe*. Nonetheless, the *Carter* counsel seek both to be consolidated with *Monroe* <u>and</u> to be designated the "lead action" in place of *Monroe* counsel. The *Carter* counsel provide no explanation for their brazen demand to be designated as

---

[5] At a minimum, the Court should require full notice and service of the subject Motion in *Monroe*, and an opportunity for the *Monroe* plaintiffs to respond.

the "lead action" over a prior-filed and broader case.  Together with the fact that *Carter* counsel failed to file this Motion in the *Monroe* case, this conduct serves to highlight the improper purposes warranting denial of the consolidation motions.

Further, the *Carter* counsel's Motion for Consolidation was filed immediately after Kroger's counsel informed the *Carter* counsel (on May 6) that Kroger would be filing a motion to stay *Carter* in favor of the prior-filed *Monroe* litigation, pursuant to the well-known and commonly followed first to file rule.  The *Carter* counsel then "raced to the courthouse" and filed Motions for Consolidation, and Notices of Related Case, in both *Carter* and *White* at approximately 1:00 a.m. on May 7.  Notably, the *Carter* counsel did not take these actions before receiving notice that Kroger intended to move to stay their case.

The Motion for Consolidation is thus plainly made for an improper purpose – to wrest control of this litigation from the prior-filed *Monroe* matter – and should be denied for that reason. *See, e.g.*, *Gonzalez v. CoreCivic, Inc.*, No. 17-cv-2573, 2018 U.S. Dist. LEXIS 57759, at *16 (S.D. Cal. Apr. 4, 2018) ("The Court is under no illusion as to the stakes of this Motion.  Gonzalez Plaintiffs filed a nearly identical cause of action as the Owino Plaintiffs, seek to consolidate the cases, and wrest control of interim class counsel from the Owino Plaintiffs.")  Granting the Motion for Consolidation would reward improper gamesmanship and would incentivize further copy-cat litigation and races to the courthouse.

C.     Defendant's Motion for Stay Addresses Any Equitable Concerns Present by Virtue of the *Carter* Action.

Kroger agrees with the *Carter* counsel that their filing of this duplicative litigation raises concerns relating to waste of judicial resources, duplicative proceedings, and the potential for inconsistent rulings.  However, as argued in Defendants' Motion to Stay, these issues should be addressed by a stay of *Carter* pursuant to the first to file rule.  *See* ECF No. 19, pp. 3-4, 11; *In re*

*Am. Med. Sys. Inc.*, 75 F.3d 1069, 1088 (6th Cir. 1996) ("[T]he general principle is to avoid duplicative litigation."); *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 791 (6th Cir. 2016) ("Perhaps the most important purpose of the first-to-file rule is to conserve these resources by limiting duplicative cases.").

Federal courts have found that a stay is more appropriate than consolidation in circumstances similar to those present here. *Gonzalez*, 2018 U.S. Dist. LEXIS 57759 at *15 (finding a stay more appropriate than consolidation); *see also Moreno v. Castlerock Farming Transp., Inc.*, No. 12-cv-0556, 2013 U.S. Dist. LEXIS 46193, at *6-7 (E.D. Cal. Mar. 29, 2013) (same); *Clardy v. Pinnacle Foods Grp., LLC*, No. 16-cv-04385, 2017 U.S. Dist. LEXIS 1776, at *10 (N.D. Cal. Jan. 5, 2017) (same).

The *Carter* Plaintiffs will not be prejudiced by a stay because they are potential members of the putative collective action in *Monroe* and their rights can be fully vindicated, as and if appropriate, in that action. Allowing *Monroe* and its related cases to proceed while staying *White* and *Carter* also eliminates the possibility of conflicting rulings because judicial determination in those cases will likely be binding on members of the *White* and *Carter* putative collectives. Because a stay would better address the equitable concerns Plaintiffs cite in favor of consolidation, the Court should stay *Carter* rather than consolidate it with *Monroe*.

D.      Regardless of the Court's Ruling on Consolidation, the Court Should Stay *Carter*.

If the Court decides to grant Plaintiffs' Motion for Consolidation, it should still grant Kroger's Motion to Stay *Carter*. It is well settled that consolidation does not impact the rights of the parties or merge the cases into a single lawsuit. *Hall v. Hall*, 584 U.S. 59, 70 (2018) ("[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are

10

parties in one suit parties in another.") (citing *Johnson v. Manhattan R. Co.*, 289 U.S. 479, 496-97 (1933)); *see also In re FCA US LLC Monostable Elec. Gearshift Litig.*, 340 F.R.D. 251, 254 (E.D. Mich. 2022). Courts may, therefore, stay individual cases after they have been consolidated with other cases. *See e.g.*, *In re Chrysler Pacifica Fire Recall Prods. Liabl. Litig. MDL No. 3040*, No. 22-cv-3040, 2024 U.S. Dist. LEXIS 3528, at *7 (E.D. Mich. Feb. 28, 2024) (staying only 19 of 70 plaintiffs' claims in a consolidated action); *Connor v. Bank of Am., N.A.*, No. 22-cv-0295, 2025 U.S. Dist. LEXIS 71764, at *2-3 (S.D. Cal. Apr. 15, 2025) (staying a recently consolidated case pending resolution of the related MDL case).

Without a stay of this later-filed action, plaintiffs' counsels' divergent interests (evidenced by *Carter's* Motion to Consolidate) will likely result in disagreements about the proper course for litigation and the best manner to represent the putative plaintiffs. This would inevitably create further unnecessary work for Kroger and the Court, and would unfairly prejudice Kroger.

Thus, if the Court determines consolidation is appropriate, it should still exercise its discretion to stay *Carter*.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion for Consolidation and grant Plaintiff's Motion to Stay, or, in the alternative, grant both motions.

11

Respectfully submitted,

/s/ Mark A. Knueve
Mark A. Knueve (0067074), Trial Attorney
Robert A. Harris (0059549),
Rebecca L. Hill (0100972)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216
(614) 464-6400
maknueve@vorys.com
raharris@vorys.com
rlhill@vorys.com

*Counsel for Defendant*

12

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 22nd day of May 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered with CM/ECF.

/s/ Mark A. Knueve

Mark A. Knueve

5/22/2026 65456954 V.8